UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| OLGA MARTINEZ, | Case No. CV 15-01808-PSG (VBK) |
| Petitioner, | MEMORANDUM AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| K. HUGHES, | |
| Respondent. | |

On March 12, 2015, Olga Martinez (hereinafter referred to as "Petitioner") filed a "Petition for Writ of Habeas Corpus by a Person in State Custody" in the United States District Court for the Central District of California.[1] On February 6, 2014, in the Ventura County Superior Court, Petitioner was convicted by a jury of violating California Penal Code §§ 273a(a) and 273d(a). On March 6, 2014, Petitioner was sentenced to twelve years in state prison. (See

---

[1] On August 1, 2014, Petitioner filed a "Petition for Writ of Habeas Corpus" in the United States District Court for the Northern District of California. On August 15, 2014, an "Order of Transfer" was issued by United States District Judge Yvonne Gonzalez Rogers transferring the Petition to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1406(a). The Petition was given Case No. CV 14-06524-PSG (VBK). On August 25, 2014, a Memorandum and Order Dismissing Petition for Writ of Habeas Corpus was issued by United States District Judge Philip S. Gutierrez.

1  Petition at 2.)

2  It appears conclusively from the face of the Petition that state
3  remedies have not been fully exhausted. Petitioner alleges a direct
4  appeal was filed in the California Court of Appeal, Case No. B255599,
5  which is pending. (See Petition at 2-3, attached pages.) There is no
6  indication in the Petition whatsoever that the California Supreme
7  Court has been given an opportunity to rule on Petitioner's
8  contentions. (See Petition at 3, 5-7.)

9  Federal habeas petitioners challenging the legality of custody
10 pursuant to a state court judgment must first exhaust any remedies
11 available in the state courts, unless circumstances exist which make
12 such remedies ineffective. (28 U.S.C. §2254(b)(1))  This exhaustion
13 requirement is not met if a petitioner has the right, under state law,
14 to raise the claims presented in any available state procedure.  (28
15 U.S.C. §2254(c).) The exhaustion requirement is designed to protect
16 the role of the state courts in the enforcement of federal law and to
17 prevent disruption of state judicial proceedings. Rose v. Lundy, 455
18 U.S. 509, 518 (1982). Exhaustion requires that the prisoner's
19 contentions be fairly presented to the highest court of the state.
20 Libberton v. Ryan, 583 F.3d 1147, 1164 (9th Cir. 2009), cert. denied,
21 130 S.Ct. 3412 (2010). "For reasons of federalism, 28 U.S.C. §2254
22 requires federal courts to give the states an initial opportunity to
23 correct alleged violations of its prisoners' federal rights."
24 Kellotat v. Cupp, 719 F.2d 1027, 1029 (9th Cir. 1983).

25 A petitioner has exhausted state remedies if he has fairly
26 presented each and every one of his federal claims to the highest
27 state court with the jurisdiction to consider them. Duncan v. Henry,
28 513 U.S. 364, 365 (1995) (per curiam), citing Picard v. Connor, 404

1 | U.S. 270, 275 (1971); Harmon v. Ryan, 959 F.2d 1457, 1460 (9th Cir.
2 | 1992).  A claim has not been fairly presented unless the prisoner has
3 | described in the state court proceedings both the operative facts and
4 | the federal legal theory on which his claim is based.  See Anderson v.
5 | Harless, 459 U.S. 4, 6 (1982); Pappageorge v. Sumner, 688 F.2d 1294
6 | (9th Cir. 1982), cert. denied, 459 U.S. 1219 (1983); Davis v. Silva,
7 | 511 F.3d 1005, 1009-10 (9th Cir. 2008); Gray v. Netherland, 518 U.S.
8 | 152, 162-63 (1996).

**ACCORDINGLY, IT IS ORDERED** that the Petition be dismissed without prejudice.

DATED: 3/18/15

PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE

Presented on
March 17, 2015 by:

         /s/
VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE

3